996 So.2d 343 (2008)
STATE of Louisiana, Appellee
v.
Marlon C. PRICE, Appellant.
No. 43,469-KA.
Court of Appeal of Louisiana, Second Circuit.
September 17, 2008.
*344 William J. Franklin, for Appellant.
Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before BROWN, DREW and LOLLEY, JJ.
LOLLEY, J.
This criminal appeal arises from the Eleventh Judicial District Court, Parish of DeSoto, State of Louisiana. Marlon C. Price pled guilty as charged to one count of driving while intoxicated, 3rd offense, a violation of La. R.S. 14:98. He was sentenced to serve three years at hard labor with all but thirty days suspended. Price now appeals. For the following reasons, we affirm his conviction, amend his sentence, and as amended, affirm.

FACTS
On May 13, 2007, a police officer stopped Marlon Price as he drove on Highway 175 in DeSoto Parish. The officer observed Price cross the center line. The officer smelled a strong odor of alcohol on Price, and Price did poorly on field sobriety tests. Price was later administered an Intoxilyzer exam, which results showed a blood-alcohol *345 level of .116 grams percent.[1] Resultantly, a bill of information was filed charging Price with driving while intoxicated ("DWI"), 3rd offense. The bill alleged that Price had two prior convictions for DWI, one from September 2004, and one from December 2006, both in DeSoto Parish (docket numbers 0410508 and 0614705, respectively).
In response, Price filed a motion to quash, arguing that his prior convictions could not be used as a basis for third-offense DWI. The trial court subsequently denied Price's motion to quash, ruling that he was minimally yet adequately informed of the triad of Boykin[2] rights in his prior guilty plea colloquy and that there was no requirement that he be advised of any possible future sentencing exposure at his prior misdemeanor guilty pleas.
Price ultimately pled guilty to DWI 3rd offense under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the denial of his motion to quash. He was sentenced to serve three years at hard labor with all but thirty days suspended. This appeal ensued.

DISCUSSION

Assignment of Error
On appeal, Price raises only one assignment of error, arguing that the trial court erred in denying his motion to quash. Specifically, Price maintains that his prior pleas from his September 2004 and December 2006 convictions cannot be used as predicate offenses for a conviction of DWI, 3rd offense, because in each prior case he received inadequate advice of his rights prior to pleading guilty. We disagree.
In a multiple offender DWI case, the initial burden is on the state to prove the existence of the prior convictions and the defendant's identity as the prior offender. State v. Carlos, XXXX-XXXX (La.07/07/99), 738 So.2d 556. The state must also show that the defendant was represented by counsel or validly waived that right. State v. Deville, XXXX-XXXX (La.07/02/04), 879 So.2d 689. The burden then shifts to the defendant to produce evidence of a significant procedural irregularity in the plea. If he does so, the burden then shifts back to the state to produce other contemporaneous records of the guilty plea, including a transcript of the plea colloquy, to demonstrate that the defendant made a valid waiver of his right to trial. Carlos, supra. In the instant case, Price admitted the existence of the prior convictions where he was represented by counsel and that he was the person formerly convicted, but he has challenged the validity vel non of his prior pleas as reflected in the transcripts.
In Price's 2004 conviction, he pled guilty. Price was represented by counsel, and the trial court advised Price of his rights in this way prior to accepting the plea:
Q: Do you understand you're waiving your trial rights when you do that?
and
Q: [Y]ou're waiving your trial rights, which is the right to confront and cross-examine witnesses and the right to remain silent. Do you understand that?
Price indicated in both cases that he understood. On appeal, Price argues that this explanation was inadequate to inform him that he had a right to a trial, which he waived by pleading guilty.
*346 With respect to this plea, Price urges that the trial court did not provide him with adequate advice that he was entitled to a trial. Whenever a misdemeanor guilty plea will be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, it is incumbent upon the trial judge to inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where it is applicable; and, (c) his right to confront his accusers to make sure the accused has a full understanding of what the plea connotes and of its consequence. State v. Jones, 404 So.2d 1192 (La.1981).
We have previously noted that Price was represented by counsel during the 2004 proceeding. Although it would have been preferable for the trial court to have defined the right to trial apart from the all-encompassing "trial rights," the import of the phrase "waiving your trial rights," though minimal, is sufficiently clear and adequate when the right to trial by jury is not at issue and the defendant was represented by counsel. When considering the particular and unique circumstances of the issues presently under consideration, we find the phrase "waiving your trial rights" is a minimal but adequate notice to a defendant that one consequence of his plea is that there will be no trial. Thus, we conclude that the trial court's advise, though minimal, was adequate.
In the 2006 conviction, Price again pled guilty, and again he was represented by counsel. At that proceeding, the trial court advised Price that he could "... get up to a thousand dollars and six months in jail on a DWI second offense ..." and that "... this guilty plea here today will form the basis of a conviction on your record and can be used against you in the future...." Price argues that the state could not rely on this prior conviction because the trial judge did not adequately inform him of the progressive nature of the penalties for DWI under La. C. Cr. P. art. 556.1.
As to the this plea, Price complains that the trial court's advice to him of the possibility of enhanced penalties for subsequent convictions was inadequate. Louisiana C. Cr. P. art. 556 provides, in part:
B. In a misdemeanor case in which the court determines that a sentence of imprisonment will actually be imposed or in which the conviction can be used to enhance the grade or statutory penalty for a subsequent offense, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to have a trial, and if the maximum penalty provided for the offense exceeds imprisonment for six months or a fine of one thousand dollars, a right to trial by a jury or by the court, at his option.
(4) At that trial he has the right to confront and cross-examine witnesses against him and the right not to be compelled to incriminate himself.

*347 (5) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
Louisiana C. Cr. P. art. 556 does not require advice to the defendant that his conviction might be used as the basis for a more severe sentence should the defendant commit another offense.
Louisiana C. Cr. P. art. 556.1 formerly required such advice, but after its amendment in 2003, that rule applies by its terms only to felony offenses. Moreover, its requirement of advice about the possibility of future enhancement was only a part of the law from 1997 until 2001. State v. Brown, 42,188 (La.App. 2d Cir.09/26/07), 966 So.2d 727; writ denied, 2007-2199 (La.04/18/08), 978 So.2d 347. Even when that provision was applicable, omission of that advice in a plea colloquy was subject to harmless error analysis. State v. Guzman, XXXX-XXXX (La.05/16/00), 769 So.2d 1158. Because in the instant case, the plea in question was taken in 2006, there was no requirement that the trial court advise Price of subsequent enhanced penalties before accepting his plea. So considering, we conclude that this assignment of error is without merit as to each of Price's prior convictions.

Error Patent
Our review of the record reveals an error patent in Price's sentencing. Louisiana R.S. 14:98(D) requires that the trial court impose a fine of $2,000.00 when sentencing a person convicted of DWI, 3rd offense, and the trial court in this case neglected to do that. The state has not sought review of that error, but in a DWI, 4th offense case, this court has recently recognized a trial court's failure to impose the mandatory fine as error patent and imposed the fine on its own motion. See State v. Presson, 43,215 (La.App. 2d Cir.06/04/08), 986 So.2d 843, citing State v. Decrevel, XXXX-XXXX (La.05/16/03), 847 So.2d 1197. Notably, in State v. Griffin, 41,946 (La.App. 2d Cir.05/02/07), 956 So.2d 199, this court determined that it was not required to take this action and declined to impose the fine upon an obviously indigent defendant. However, in Griffin, it was the defendant who requested this court to set aside his sentence for being illegally lenient for failure to impose the mandatory fine, which we declined to do. Here, that is not the case, as Price has not raised the issue and there is no affirmative statement that Price is indeed indigent. Moreover, he has already received considerable leniency in that all but thirty days of his three-year sentence has been suspended. Considering that an appellate court may amend a defendant's sentence without the necessity of remanding the matter to the trial court, we amend the defendant's sentence to impose the statutorily mandated fine of $2,000.00. Hopefully, with the imposition of a monetary fine, Price's funds will be used to pay his debt to society instead of to pay for alcohol.
Finally, the court imposed sentence without waiting 72 hours and without obtaining a waiver of the sentencing delay required by La. C. Cr. P. art. 873. Price did not complain of actual prejudice, so the error appears harmless. See State v. Roberson, 40,809 (La.App. 2d Cir.04/19/06), 929 So.2d 789.

CONCLUSION
For the foregoing reasons, Marlon C. Price's conviction is affirmed, his sentence is amended to impose the mandatory $2,000.00 fine, and the sentence, as amended, is affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
NOTES
[1] On the date of the offense, the minimum blood alcohol concentration for a DWI infraction was .08 percent. See La. R.S. 14:98.
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).