# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**13-1443**

**STATE OF LOUISIANA**

**VERSUS**

**KENNETH BELL, SR.**

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, NO. 296,862
## HONORABLE W. PEYTON CUNNINGHAM, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, J. David Painter, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

**James C. "Jam" Downs, District Attorney**
**Numa V. Metoyer, III, Assistant District Attorney**
**Ninth Judicial District Court**
**P. O. Drawer 1472**
**Alexandria, LA 71309**
**(318) 473-6650**
**COUNSEL FOR THE STATE OF LOUISIANA**

**Edward J. Marquet**
**Louisiana Appellate Project**
**P. O. Box 53733**
**Lafayette, LA 70505-3733**
**(337) 237-6841**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Kenneth Bell, Sr.**

**PAINTER, Judge.**

Defendant, Kenneth Bell, Sr., was found guilty of aggravated battery and cruelty to a juvenile. He was sentenced to five years at hard labor for each offense, with the sentences to run consecutively with each other and with any other time being served. Finding that any error in the trial court's failure to conform to the sentencing delays required by La.Code Crim.P. art. 873 is harmless, we affirm Defendant's sentences.

## FACTS AND PROCEDURAL HISTORY

Defendant returned home drunk and got into an altercation with his wife. During the altercation, Defendant threw hot grease on his wife, causing burns to her shoulder. He also threw a telephone at her, striking her above her right eye. A juvenile was present in the home at that time and began screaming at Defendant. Defendant subsequently hit the juvenile across the face with a leather belt, causing a welt and a scratch.

Defendant was charged with aggravated battery, a violation of La.R.S. 14:34, and cruelty to a juvenile, a violation of La.R.S. 14:93. Defendant entered a plea of not guilty, and on August 5, 2013, Defendant waived his right to trial by jury. Following a bench trial, Defendant was found guilty as charged. Defendant was sentenced to serve five years at hard labor on each count, to run consecutively with each other and with any other time being served by Defendant.

This appeal followed, and Defendant is now before this court asserting one assignment of error: the trial court did not inform him of his right to a three-day delay between conviction and sentence. We find, however, that this error is harmless for the reasons discussed below.

DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent, but that error is harmless.

Defendant was entitled to a jury trial in this case. *See* La.R.S. 14:34, 14:93, and La.Code Crim.P. art. 782. Louisiana Code of Criminal Procedure Article 780 was amended in 2013 to provide as follows:

> A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge.
>
> B. The defendant shall exercise his right to waive trial by jury in accordance with Article I, Section 17 of the Constitution of Louisiana. The waiver shall be by written motion filed in the district court not later than forty-five days prior to the date the case is set for trial. The motion shall be signed by the defendant and shall also be signed by defendant's counsel unless the defendant has waived his right to counsel.
>
> C. With the consent of the district attorney the defendant may waive trial by jury within forty-five days prior to the commencement of trial.
>
> D. A waiver of trial by jury is irrevocable and cannot be withdrawn by the defendant.

The effective date of the amendment to Article 780 was June 17, 2013. Thus, the requirement that the jury trial waiver be in writing was in effect at the time of the August 5, 2013 waiver in this case. The record reveals no written waiver of jury trial as required by La.Code Crim.P. art. 780. However, Defendant and his attorney were in open court when the judge addressed his right to a jury trial and waiver thereof. *Cf. State v. Pierre*, 02-2665 (La. 3/28/03), 842 So.2d 321 (the preferred (not required) method is the court's advisement of the right to a jury

trial in open court and the defendant's personal waiver).[1] Thus, we conclude that the error in failing to obtain a written waiver in violation of La.Code Crim.P. art. 780 is harmless under the facts of this case.

*Delay Between Conviction and Sentence*

In his only assignment of error, Defendant contends that the trial court imposed consecutive sentences immediately after finding him guilty of felony offenses and did not inform him of his right to a three-day delay between conviction and sentence.

Louisiana Code of Criminal Procedure Article 873 provides:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

At the conclusion of trial, the trial court stated, in part: "I find you guilty of aggravated battery for pouring the hot grease on the victim. For chasing her through the house and throwing things like radios and other objects at her. And I sentence you to five years to the Louisiana Department of Public Safety and Corrections." The trial court then found Defendant guilty of cruelty to juveniles and sentenced him. The minutes of sentencing read, in pertinent part: "Court gives reasons and finds the defendant Guilty as to count one, Aggravated Battery and Guilty as to count two, Cruelty to a Juvenile. Defense advised the Court that they will waive any sentencing delays."

Defendant contends that he was not clearly aware that the trial court would immediately proceed to sentencing after it found him guilty and that the trial court

---

[1] *Pierre* predates the 2013 amendment to La.Code Crim.P. art. 780 requiring a written waiver; however, it is instructive in assessing whether obtaining an oral waiver is harmless in light of the newly-required written waiver.

3

did not ask him either if he was ready for sentencing or if he wished to address the court prior to sentencing. Defendant asserts that there was no express or implied waiver of the statutory delay. In support of this statement, Defendant cites *State v. Hood*, 10-70 (La.App. 3 Cir. 10/6/10), an unpublished opinion. In *Hood*, this court found that an express waiver occurred when defense counsel responded affirmatively when the trial court asked if he was ready for sentencing. Defendant additionally contends that there was no colloquy between the trial court and himself or defense counsel regarding readiness for sentencing. Defendant also cites *State v. C.S.D.*, 08-877 (La.App. 3 Cir. 2/4/09), 4 So.3d 204. In *C.S.D.*, the verdict was rendered, and the trial court ordered a presentence investigation and set the sentencing for January 7, 2008. Later, the trial court denied the motions for post-verdict judgment of acquittal and new trial and immediately proceeded with sentencing. This court noted that there was nothing in the record to indicate that defense counsel was unaware of the date sentencing was to be taken up. Following the denial of the defendant's motions, defense counsel did not request a continuance of sentencing and did not object to proceeding with the hearing. Additionally, the trial court recessed to allow the parties to review letters it had received, and defense counsel reviewed the presentence investigation report, called a witness, and submitted a sentencing memorandum. C.S.D. did not assign the trial court's failure to observe the sentencing delay as error on appeal and did not allege that he was prejudiced as a result of the error. This court found the facts supported an implied waiver of the delay for sentencing.

Defendant argues that in cases where sentences were imposed consecutively, the sentences must be vacated and the matter remanded to the trial court for resentencing in accordance with this court's decisions in *State v. Jason*, 01-1428 (La.App. 3 Cir. 7/10/02), 820 So.2d 1286 and *State v. Dronet*, 97-991 (La.App. 3

4

Cir. 11/4/98), 721 So.2d 1038. In *Jason*, 820 So.2d 1286, the trial court sentenced the defendant on the same day it denied his motion for new trial. Because the defendant challenged his sentences on appeal, this court found that the error was not harmless, vacated the defendant's sentences, and remanded the matter for resentencing. In *Dronet*, 721 So.2d 1038, the trial court sentenced the defendant immediately following the denial of his motion for new trial. This court addressed the issue stating:

> In *State v. Dauzat*, 590 So.2d 768 (La.App. 3 Cir.1991), *writ denied*, 598 So.2d 355 (La.1992), this court stated:
>
>> Generally, this error, while patent, is not reversible unless the defendant is prejudiced by the lack of a sentencing delay. However, the Louisiana Supreme Court's most recent pronouncement on this issue has required a strict application of Article 873, particularly where the defendant challenges the penalty imposed. *State v. Augustine*, 555 So.2d 1331 (La.1990).
>
> *Id.* at 775 (citations omitted). Although this court could not find any prejudice as a result of the trial court's failure to observe the delay in sentencing, this court remanded for resentencing, since the defendant challenged his sentence on appeal. *Id.* at 775–76. *See also State v. Williams*, 96–37 (La.App. 3 Cir. 6/26/96); 677 So.2d 692. Likewise, the defendant in the present case challenged his sentence on appeal. The fact that his defense counsel announced to the court, "We're ready," for sentencing could not constitute a waiver of the provisions of La.Code Crim.P. art. 873. Its provisions must be strictly applied.

*Id.* at 1040.

The State alleges that, during a recess for lunch, defense counsel advised the trial court that, should Defendant be found guilty, he was prepared to waive any delay for sentencing. The State alleges that the trial court informed defense counsel that, should it be necessary, it would sentence Defendant that day. The State notes that, while still off the record, defense counsel conferred with Defendant regarding the waiver of delays for sentencing and that Defendant agreed to waive any delays. The State also alleges that during another recess, defense

5

counsel and Defendant reasserted their wish to waive sentencing delays if Defendant was found guilty. The State further alleges that the clerk subsequently noted the waiver in the minutes of court. In support of its claims, the State gives record citations that reflect that court was in recess.

The State argues that this court should find an express waiver of the sentencing delays because Defendant twice informed the trial court, during recesses, that he wanted to be sentenced immediately. Alternatively, the State asserts that this court should find an implied waiver, as was done in *State v. Schmidt*, 99-1412 (La.App. 3 Cir. 7/26/00), 771 So.2d 131, *writ denied*, 00-2950 (La. 9/28/01), 798 So.2d 105, *cert. denied*, 535 U.S. 905, 122 S.Ct. 1205 (2002), because defense counsel requested a waiver, voiced no objection when sentence was immediately imposed, and there was no request for a continuance as in *State v. Giles*, 04-359 (La.App. 3 Cir. 10/6/04), 884 So.2d 1233, *writ denied*, 04-2756 (La. 3/11/05), 896 So.2d 62.

In *Schmidt*, 771 So.2d 131, this court found that the defendant implicitly waived the twenty-four-hour delay between the denial of his motion for new trial and sentencing when defense counsel affirmatively responded to the trial court's inquiry as to whether his client was prepared for sentencing and where defense counsel failed to lodge a contemporaneous objection when the trial court proceeded. This court noted that the defendant presented substantial evidence at his scheduled sentencing hearing following the trial court's denial of his motion to reconsider the motion for new trial. Even though the defendant challenged his sentence on appeal, this court found that he could demonstrate no prejudice as a result of the trial court's failure to observe the delay. This court discussed the trial court's reasons for sentencing and noted that there was no indication that a twenty-four-hour delay would have resulted in a lesser sentence. Thus, this court found

6

that the defendant implicitly waived the twenty-four-hour delay when defense counsel responded affirmatively to the trial court's question, "'[I]s your client prepared for sentencing?,'" and defense counsel failed "to lodge a contemporaneous objection when the trial court proceeded with sentencing." *Id.* at 160.

In *Giles*, 884 So.2d 1233, there was no objection when sentencing was taken up immediately after the denial of the motion for post-verdict judgment of acquittal and motion for new trial. During the sentencing hearing, defense counsel argued for a lenient sentence, submitting evidence in favor thereof. Defense counsel also referred to the sentencing range, the time the defendant had already spent in jail, and argued that the minimum should be imposed without benefits. This court noted that the defendant made no claim of prejudice due to the failure of the trial court to observe the sentencing delay and found that there was an implied waiver of said delay.

The State argues that imposition of sentence without a waiver of the sentencing delay is harmless error when a defendant does not complain of actual prejudice. In *State v. Price*, 43,469 (La.App. 2 Cir. 9/17/08), 996 So.2d 343, the second circuit found the trial court's failure to obtain a waiver of the seventy-two-hour sentencing delay was harmless, as the defendant did not complain of actual prejudice. Additionally, "where a defendant does not challenge his sentence on appeal, any failure to abide by sentencing delays pursuant to Louisiana Code of Criminal Procedure article 873 is harmless error" if there is "no showing or suggestion that the defendant was prejudiced by the failure to observe the delay." *See State v. Augustine*, 12-1759, pp. 4-5 (La.App. 4 Cir. 9/18/13), 125 So.3d 1203, 1206, *writ denied*, 13-2484 (La. 4/4/14), 135 So.3d 639.

7

In the instant matter, there is no mention of sentencing delays in the transcript. However, the court minutes indicate and the State argues that defense counsel waived all sentencing delays. When there is a conflict between the transcript and the minutes of court, the transcript prevails. *State v. Lynch*, 441 So.2d 732 (La.1983). We conclude that the minute entry is not sufficient to prove a waiver of the sentencing delays. *See State v. Stovall*, 07-343 (La.App. 4 Cir. 2/6/08), 977 So.2d 1074, *writ denied*, 08-501 (La. 9/26/08), 992 So.2d 984.

There was no express waiver of the sentencing delays in the case at bar, as the trial court did not ask defense counsel on the record if Defendant waived the sentencing delays or if he was ready to proceed to sentencing. Unlike in *C.S.D.*, 4 So.3d 204, and *Schmidt*, 771 So.2d 131, the sentencing hearing in this matter was not scheduled for a particular date. No evidence or argument regarding the sentence to be imposed was presented by defense counsel in the case at bar. Thus, the case is distinguishable from *Schmidt*, 771 So.2d 131, and *Giles*, 884 So.2d 1233. Defendant does not challenge his sentence on appeal as the defendants in *Jason*, 820 So.2d 1286, and *Dronet*, 721 So.2d 1038, did.

In *State v. Bell*, 11-720, p. 8 (La.App. 3 Cir. 1/9/13), 106 So.3d 295, 301, *writ denied*, 13-347 (La. 11/1/13), 124 So.3d 1106, the defendant alleged that "the trial court patently erred in failing to withhold the imposition of sentence for twenty-four hours following the denial of his motion for new trial, as required by La.Code Crim.P. art. 873." This court found that "the trial court did run afoul" of that article. However, the error [was] harmless," as the defendant did "not assign as error excessiveness of his sentence, and he [did] not show, or even allege, any way he was prejudiced by the lack of delay." *Id. See also State v. Cortes*, 11-794 (La.App. 3 Cir. 2/1/12), 84 So.3d 733; *State v. Roberson*, 06-1568 (La.App. 3 Cir. 5/2/07), 956 So.2d 736, *writ denied*, 07-1243 (La. 12/14/07), 970 So.2d 531; *State*

*v. Boyance*, 05-1068 (La.App. 3 Cir. 3/1/06), 924 So.2d 437, *writ denied*, 06-1285 (La. 11/22/06), 942 So.2d 553; *State v. Shepherd*, 02-1006 (La.App. 3 Cir. 3/5/03), 839 So.2d 1103.

In *State v. Terry*, 47,425 (La.App. 2 Cir. 11/21/12), 108 So.3d 126, *writ denied*, 12-2759 (La. 6/28/13), 118 So.3d 1096, the defendant filed several post-trial motions on the day of sentencing. The trial court failed to observe the twenty-four-hour sentencing delay as required by Article 873. The second circuit addressed the issue stating:

> While Defendant has alleged prejudice from this, his only argument is that the sentences imposed were maximum sentences. This standing alone is insufficient to prove prejudice by imposition of the sentences without observance of the delay. Defendant did not object to the immediate sentencing on the day of imposition; and, furthermore, Defendant did not raise the issue in his motion to reconsider sentence. As such, Defendant has failed to show actual prejudice. Accordingly, this claim is without merit.

*Id.* at 148.

Even though the trial court erred in failing to observe the sentencing delay set forth in La.Code Crim.P. art. 873, based on the decisions in *Price*, 996 So.2d 343, and *Bell,* 106 So.3d 295, we conclude that this error was harmless because there was no objection to proceeding with sentencing, no request for a continuance was made, no motion to reconsider sentence was filed, Defendant did not assign as error the excessiveness of his sentence, and he did not show or even allege any way in which he was prejudiced by the lack of delay. This assignment of error lacks merit.

### DECREE

Any error in the trial court's failure to observe the sentencing delay required by La.Code Crim.P. art. 873 is harmless under the facts of this case. Therefore, Kenneth Bell, Sr.'s sentences are affirmed.

**AFFIRMED.**