NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-856

STATE OF LOUISIANA

VERSUS

JAMAL SCOTT JAMES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 14-K-5575-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Jonathan W. Perry,
Judges.

AFFIRMED.

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana  70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Jamal Scott James**

**Charles Cravins**
**District Attorney, Twenty-Seventh Judicial District**
**Kathleen E. Ryan**
**Assistant District Attorney**
**Post Office Drawer 1968**
**Opelousas, Louisiana  70571**
**(337) 948-0551**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Jamal Scott James**
**Pro Se**
**Louisiana State Prison**
**Angola, Louisiana  70712**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Jamal Scott James**

**CONERY, Judge.**

The State charged Defendant in the aggravated rape and attempted second degree murder of a co-worker at their place of employment in St. Landry Parish. Although Defendant initially challenged his competency to proceed, the trial court accepted the sanity commission's reports indicating that Defendant was, in fact, competent. Following Defendant's waiver of a jury, the trial court convicted Defendant as charged. Defendant appeals. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The record indicates that Defendant, Jamal Scott James, was employed as a cook at a truck stop in St. Landry Parish where the fifty-nine year old victim was also employed. On the evening of December 18, 2014, the victim entered the truck stop's office in order to place money in the safe. Defendant entered the office behind the victim and began to beat her in the head with a "pot." The victim described Defendant as twice attempting to strangle her and that he threatened to kill her if she was not quiet. Given her knowledge that Defendant carried a gun, she stated that she "just played dead" after he placed her in a headlock.

The victim testified that, although Defendant left on her bra and shirt, he otherwise removed her clothing and penetrated her vagina and anus. She explained that, as he could not achieve an erection, he "took his fingers, and he shoved it inside both." Defendant then "told [her] to shut up" or that he would kill her. Before leaving the office, Defendant shoved an ink pen into the victim's chin. Fearing Defendant would arm himself with a knife from the kitchen, the victim momentarily maintained her position on the floor for "about five minutes or so." Unable to walk, the victim crawled from the office to the casino where she was found and taken to the hospital. Defendant was arrested the following day.

The State charged Defendant with one count of aggravated rape, a violation of La.R.S. 14:42,[1] and one count of attempted second degree murder, a violation of La.R.S. 14:27 and 14:30.1, on February 23, 2015. Defendant pled not guilty to the charges.

On November 2, 2015, Defendant filed a motion for the appointment of a sanity commission, which included a request to change his plea to not guilty by reason of insanity. The trial court set the motion for a December 17, 2015 hearing but the matter was refixed for February 18, 2016. On that date, the trial court appointed two psychologists to the sanity commission and scheduled a "Status Hearing" for April 21, 2016. The hearing date, however, was repeatedly refixed to succeeding dates of June 16, 2016, August 18, 2016, and September 15, 2016.

According to the minutes of September 15, 2016, the trial court scheduled "[p]retrial" for January 18, 2017; "plea status" for March 7 and 14, 2017; and jury selection for March 8 and 15, 2017. The minutes do not reference the sanity hearing. However, amended minutes of the September 15, 2016 hearing, filed into a supplemental appellate record, reveal that the trial court declared Defendant competent to stand trial. Subsequently, on March 8, 2017, the trial court reset jury selection for July 5, 2017 and scheduled a jury trial for July 18-19, 2017.

On June 1, 2017, Defendant filed a Motion to Waive Jury, which the trial court granted on July 3, 2017 following inquiry into Defendant's waiver pursuant to the criteria of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). The trial court conducted a bench trial on July 18, 2017. After submission of evidence, the trial court found Defendant guilty as charged. On November 16, 2017, the trial court

---

[1] Now identified as first degree rape pursuant to 2015 La. Acts No. 256, § 1.

2

sentenced Defendant to serve fifty years at hard labor without benefit of parole, probation, or suspension of sentence for attempted second degree murder and to life imprisonment without benefit of parole, probation, or suspension of sentence for aggravated rape. The trial court ordered that the sentences be served concurrently.

Having been granted an out-of-time appeal by the trial court, Defendant assigns the following as error in his brief to this court:

1. Considering a sanity commission was appointed by the court, did the trial court err in proceeding in this case without making a factual finding on the record that [Defendant] was competent to proceed?

2. Did the trial court err in summarily denying [Defendant's] request for funds for investigation?

**LAW AND DISCUSSION**

*Errors Patent*

Following review for errors patent on the face of the record pursuant to La.Code Crim.P. art. 920, we find no errors requiring correction on appeal. We note that the record does not include a written waiver of jury trial signed by Defendant. *See* La.Code Crim.P. art. 780. However, both Defendant and his attorney were in open court when the trial judge addressed Defendant's right to a trial by jury and the waiver thereof. Accordingly, any error related to lack of a written waiver is harmless. *See State v. Bell*, 13-1443 (La.App. 3 Cir. 6/4/14), 140 So.3d 830 (citing *State v. Pierre*, 02-2665 (La. 3/28/03), 842 So.2d 321).

*Competency*

Defendant first contends that the trial court erred in taking steps in the prosecution of this case after it appointed a sanity commission and by allegedly moving forward with pretrial matters and, ultimately, trial when the record lacks a finding that Defendant was competent to proceed to trial.

3

Louisiana Code of Criminal Procedure Article 642 provides that "[w]hen the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed." Further, "[t]he issue of the defendant's mental capacity to proceed shall be determined by the court in a contradictory hearing." La.Code Crim.P. art. 647.

Importantly, the original record on appeal, lodged before the filing of Defendant's brief, did not include a transcript of the September 15, 2016 sanity hearing or the July 3, 2017 hearing on Defendant's motion to waive jury. Following a request by this court, however, the district court clerk filed a supplemental record as part of this appeal.

The transcript from the September 15, 2016 sanity hearing reveals the following colloquy:

**[DEFENSE COUNSEL JOSLYN ALEX]:**

Good morning, Your Honor. My name is Jos[lyn] Alex, and I represent Jamal James.

We have received both of his psychological reports of the sanity. The reports indicate that he does not - - he does not meet the criteria - -

So, therefore we are requesting that they be accepted [at] this time, and in the event - - they have ruled that he's not insane. In the event that circumstances change or the affect changes, we reserve the right to re-urge.

**THE COURT:**

State, do you have any input?

**[ASSISTANT DISTRICT ATTORNEY LADONTE MURPHY]:**

… I think that our position is we will accept those recommendations and set him on the docket and allow counsel to reserve rights.

4

After the court's inquiry regarding possible trial dates, the trial court explained: "On Jamal Scott James, the Court received the reports of the doctors. The doctors found that he is capable to stand trial."

Accordingly, review of the September 16, 2016 transcript reveals Defendant's argument to be meritless.

*Investigative Funding*

Defendant's final assignment addresses his June 23, 2017 Motion for Permission to Proceed Ex Parte On Application for Investigative Funding. The trial court denied that motion on the same day, inscribing as follows:

> Motion Denied.
>
> Case has been pending for 2 ½ years. Case is set for trial on July 18th or 19th, 2017, with plea status set for July 3rd[,] 2017 at 9:00 A.M.

Defendant contends that this denial, without a hearing, indicates that the trial court focused on the start of trial "without further looking into what the need actually was."

> With regard to a pretrial motion for funding, the supreme court has explained:
>
> [A]n indigent defendant may file a motion for expert funding **ex parte.** Notice of the filing of the motion should be given to the state, which may file an opposition to the hearing being held **ex parte** and/or to the request for funding. The trial court should first determine, **in camera,** either on the face of the allegations of the motion or upon taking evidence at an **ex parte** hearing, whether the defendant would be prejudiced by a disclosure of his defense at a contradictory hearing. If so, then the hearing on expert funding should continue **ex parte.** If not, then the hearing should be held contradictorily with the District Attorney. If either side seeks appellate review of a ruling as to the **ex parte** nature of the hearing, the motion and other proceedings to this point should remain under seal until the appellate review is completed, and thereafter if the ruling is in favor of an **ex parte** hearing.
>
> At the hearing on expert funding, whether **ex parte** or contradictory, the defendant must first show a need for the funding. The defendant must show with a reasonable degree of specificity what type of expert is needed and for what purpose. In other words, the indigent defendant requesting governmental funding for the securing of expert

5

assistance must show that it is more likely than not that the expert assistance will be required to answer a serious issue or question raised by the prosecution's or defense's theory of the case. If the defendant meets this burden, then the court is to order that the funds be provided by the state. If the defendant fails to meet this burden, and the proceedings were held **ex parte,** both the written reasons for denial and the record of the proceedings are to remain under seal during the pendency of the defendant's prosecution, including appellate review.

*State v. Touchet*, 93-2839, pp. 14-15 (La. 9/6/94), 642 So.2d 1213, 1221-22, (footnote omitted).

The granting of an ex parte hearing, however, is not automatic. Rather, La.Code Crim.P. art. 521 provides a timeline for the filing of pretrial motions as follows:

A.    Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.

B.    Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.

C.    If by pretrial motion the state or the defendant requests discovery or disclosure of evidence favorable to the defendant, then the court shall fix a time by which the state or the defendant shall respond to the motion.

As remarked upon by the trial court, well over two years lapsed between Defendant's March 19, 2015 arraignment and the June 23, 2017 request for investigative funding. Defendant was therefore required to demonstrate that he should be allowed additional time to file his motion as that time period well exceeded the fifteen days designated by La.Code Crim.P. art. 521. *See State v. Burnham*, 41,146 (La.App. 2 Cir. 10/11/06), 942 So.2d 571, *writ denied*, 06-2736 (La. 6/15/07), 958 So.2d 1186.

In *Burnham*, 942 So.2d 571, the defendant filed a generalized motion seeking funding for ancillary services, investigation costs, and expert witnesses. He did so,

however, more than six months after he received results of the State's DNA testing and less than a month before trial. The second circuit determined that the trial court did not err in denying the generalized, untimely motion.

As in *Burnham*, 942 So.2d 571, Defendant's request in this case was filed after lengthy delay and was made under only general terms. As for timeliness, the sanity commission was appointed in November 2015, the trial court determined that Defendant was "capable to stand trial" and, therefore, "not insane" in September 2016, and Defendant filed his motion to waive jury trial in June 2017. However, Defendant did not file the motion for ex parte hearing until June 2017, more than two years after his February 2015 arraignment and less than one month before the July 2017 trial. Likewise, the motion only alleged the need for the ex parte hearing to prevent the disclosure of matters to his defense. He made no representation as to what type of investigative assistance was needed. He instead cited *Touchet* and explained only that "If counsel is not allowed to proceed ex parte, [Defendant] will be forced either to forgo an application for assistance or prematurely reveal matters no competent attorney would allow him to disclose. An ex parte procedure obviates the need for such an[] untenable choice."

Defendant's request was neither timely nor particularized. Defendant strikingly failed to target an area of inquiry or to identify why the need arose only after over a two year delay. Defendant did not establish that the denial of the motion would lead to a fundamentally unfair trial other than to allege he would not receive the benefits of a non-indigent defendant. Accordingly, the trial court did not err in its denial of Defendant's generalized, untimely request.

7

**DECREE**

For the foregoing reasons, Defendant's convictions and sentences are affirmed.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3